PÉREZ ET AL., PLAINTIFFS AND APPELLEES, *v.* NOGUERAS,
DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in an Action for
the Recovery of Money Paid by Mistake.

No. 2525.—Decided December 11, 1922.

PAYMENT BY MISTAKE—SURETY—DISCUSSION—NOTICE—WAIVER.—A surety who
on demand pays the amount of a judgment against his principal can not
maintain an action thereafter against the judgment creditor for the recovery
of money paid by mistake on the plea that he was not notified of the judg-
ment or that discussion was not attempted of the property of the principal,
for such payment is a waiver of discussion and of notice of the judgment,
even supposing that such notice was necessary. *Volenti non fit injuria.*

ID.—PLEADING—ADMISSION OF FACTS—DEMURRER.—Admission by a defendant of
the facts alleged in an insufficient complaint does not cure the defects of
that complaint, especially when the admission is made after a demurrer has
been filed.

The facts are stated in the opinion.

Messrs. *M. Tous Soto* and *V. M. Fernández* for the ap-
pellant.

Messrs. *J. B. Soto* and *H. Torres Solá* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Juan Nogueras Pedraza obtained a judgment against Juan
Canel for $789.73 with interest thereon at 6 per cent from
the 23rd day of May, 1911. The creditor attached an auto-
mobile of the defendant to secure the judgment. To release
this automobile and claiming it as his own Francisco Bird
y Quiñones intervened with two sureties. Not only was judg-
ment rendered for Nogueras, but the intervention proceeding
was also decided in his favor on the 21st of June, 1916.

The complainants in this case are the two sureties in the
intervention proceeding. They allege that on October 30th,
1918, at the demand of Nogueras they paid him $756.90 and
it does not appear that they were even threatened with an
execution or attachment process. Before the complainants
made this payment, or on the 11th of July, 1917, Nogueras
also collected from Francisco Bird Quiñones the sum of $400

on account of the judgment, with a promise on the part of the latter to pay the balance up to $900.

It definitely appears, and we think this is the principal fact in this case, that at the time of the payment by the complainants to Nogueras of the sum of $756.90 the judgment against Canel, after crediting him with the amount paid by Quiñones of $400 and calculating interests, was more or less exactly the amount paid by the complainants. There is no averment in the complaint that Nogueras received more than his debt against Canel.

The complainants set up that the payment by them was made under a misapprehension or inadvertence; that they were never notified of the judgment; that they did not know whether Francisco Bird Quiñones had paid anything or not, and that Nogueras did not attempt a discussion (*excusión*) of the property of Francisco Bird Quiñones for whom they were sureties.

From these facts it would appear that the complaint was a frivolous one. The complainant-appellees have not honored us with a brief. The complainants, without stopping to insist on a discussion against Quiñones, paid $756.90. They waived the necessity for a discussion by this action and the payment must be considered to be voluntary. *Volenti non fit injuria.*

Likewise they waived any necessity for a notice of a judgment, even supposing that such a notice was necessary. They were surely put upon notice by the demand of Nogueras. Nor did it make any conceivable difference that complainants did not know whether Quiñones had paid anything or not. It does not appear that Nogueras was overpaid by either Quiñones or complainants, or that the said creditor was seeking to obtain more than the amount of the judgment, and it is a settled fact that principal and sureties all joined to release the attached automobile.

Nogueras is the appellant in this court. In the court

below he admitted the facts of the complaint, but the court understood that he was acceding to the prayer of the complaint and hence rendered judgment against him. The record shows, as maintained by appellant, that he only admitted the facts of the complaint, having previously filed a demurrer. Such admission will not cure an insufficient complaint. *Questel* v. *Conde*, 18 P. R. R. 727. In any event, Nogueras was entitled to have his demurrer reviewed in this court. The facts as reviewed show a lack of a cause of action in complainants.

Furthermore, we may question whether it would not be error for a court to entertain a complaint which failed to state a cause of action.

The judgment must be reversed and the complaint dismissed.

*Reversed.*

. · Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.